UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HEIKE ALBERT,<br><br>    Plaintiff,<br><br>v.<br><br>DRS TECHNOLOGIES, INC, DRS RSTA, INC., *a wholly owned subsidiary of* DRS TECNOLOGIES, INC.,<br><br>    Defendants. | Civil Action Number:<br>2:10-cv-03886<br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Plaintiff Heike Albert was terminated by her employer, DRS RSTA, Inc., a Delaware corporation with its principal place of business in Florida. Albert worked for DRS RSTA, Inc. in Florida. She now brings a Title VII gender discrimination claim and related causes of action under the New Jersey Law Against Discrimination (NJLAD), N.J. Stat. Ann. § 10:5-1 et seq. The basis for the state causes of action is that her employer is a wholly owned subsidiary of a New Jersey-based entity, DRS Technologies, Inc. Albert further alleges that the discriminatory conduct was connected to the New Jersey entity and the decisions of its employees. Thus the discriminatory conduct emanated from New Jersey. Defendants seek to dismiss the New Jersey state causes of action, and to transfer the motion to the Middle District of Florida.

For the reasons elaborated below, the Court will **GRANT** the Defendants' motion, will **DISMISS the** NJLAD claims (counts 3 and 4), and will **TRANSFER** the action to the Middle District of Florida.

### II.   STANDARD OF REVIEW

*Motion to Dismiss*. The Defendants' motion to dismiss is brought pursuant to the provisions of Federal Rule of Civil Procedure 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal

is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id*. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

*Motion to Transfer*. Transfer is sought under 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."). In deciding whether to grant a transfer, the Court will balance both private and public factors. The list of non-exclusive private factors include: plaintiff's forum choice; the defendant's preference; where the claim arose; convenience of parties; and convenience of witnesses – "but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). The list of non-exclusive public factors include: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases." *Id*. at 879-80. The burden rests on the movant, and Plaintiff's choice of venue should not be "lightly disturbed." *Id*. at 879.

### III.   FACTS

The basic facts do not appear in dispute. Plaintiff was an employee of DRS RSTA, Inc. (RSTA), a Delaware corporation with its principal place of business in Florida. Albert was employed in Florida. RSTA is a wholly owned subsidiary of DRS Technologies, Inc. (DRS), a Delaware corporation with its principal place of business in New Jersey. After being terminated, Albert exhausted administrative remedies, and then brought the instant action. In her four-count complaint she asserts two counts under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-5(f) et seq., both a gender discrimination claim and a retaliation claim. She also asserts two counts under NJLAD, both a gender discrimination claim and a retaliation claim. Albert's position is that the discriminatory conduct emanated from New Jersey, from DRS, and its employees, thus giving her a sufficient connection to this Court (the New Jersey forum) and the New Jersey state law causes of action (NJLAD).

### IV.   ANALYSIS

*Motion to Dismiss*. Plaintiff acknowledges that she worked for Defendants in Florida. Plts.' Br 1. Her position is that because she worked for a "New Jersey corporation, and [because] the decision to terminate her employment was made in New Jersey," she can maintain this action in New Jersey and assert her NJLAD counts. *Id*. at 4-5. Plaintiff's position is somewhat obscure. She acknowledges that RSTA was her employer. RSTA is not a New Jersey corporation, nor does it have its principal place of business in New Jersey. It appears Plaintiff is asserting that she worked for a New Jersey corporation because RSTA is wholly owned by DRS, an entity with a principal place of business in New Jersey.

Whether Plaintiff worked for a New Jersey entity or not, and whether the alleged discriminatory conduct emanated from New Jersey or not, it is clear that Plaintiff performed her duties in Florida, and, perhaps, occasionally elsewhere, but at no time did she work in New Jersey. In these circumstances, the Plaintiff's connection to New Jersey is insufficient to assert an NJLAD cause of action. *Norenius v. Multaler, Inc.*, 2008 WL 4162878, at *7, (N.J. Super. App. Div. Sept. 11, 2008) ("We do not perceive that the protections afforded to 'inhabitants' under the LAD were intended to extend to 'inhabitants' of other states employed exclusively within the borders of those states."); *Satz v. Taipina*, 2003 WL 22207205, at *16 (D.N.J. April 15, 2003) ("New Jersey courts have consistently applied the law of the state of employment to workplace claims, and have therefore *only applied the NJLAD if the plaintiff worked in New Jersey*." (emphasis added)). It appears the NJLAD counts must be dismissed.

*Motion to Transfer*. Plaintiff supports her forum choice by arguing that the burden is on the movant, that her forum choice should not be lightly disturbed, that the adjudication of NJLAD counts favor a New Jersey judge and forum, and that discovery will establish that the decision to terminate Albert was made in New Jersey, thereby requiring access to New Jersey witnesses and documents. The Court has already determined that the NJLAD counts should be dismissed. Plaintiff's claim in regard to New Jersey witnesses and documents is wholly speculative. It seems clear that any number of witnesses discussed in her complaint are Florida residents, i.e., her RSTA co-workers and supervisors. Plaintiff lives in Florida and her (immediate, if not only) employer is a Florida-based entity. The Court sees little reason to defer to Plaintiff's forum choice because her employer's parent corporation's principal place of business is in New Jersey and because discovery might reveal that some part of the alleged wrongful termination decision emanated from New Jersey. Weighing the public and private factors, the Court finds that transfer is in order.

## V.   CONCLUSION

For the reasons elaborated above, the Court **GRANTS** the Defendants' motion, **DISMISSES the** NJLAD claims (counts 3 and 4), and **TRANSFERS** the action to the Middle District of Florida.

s/ William J. Martini  
**DATE: May 23, 2011**             **William J. Martini, U.S.D.J.**